UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00443-LEW |
| | ) | |
| LINCARE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF JEFFREY JOSEPH'S
MOTION TO STAY PROCEEDINGS**

Now before me is Plaintiff Jeffrey Joseph's Motion to Stay Proceedings against Defendants Family Practice on the River ("FPOR") and Patrick Butcher (ECF No. 57). The motion is fully briefed and at issue. For the reasons that follow I will DENY the motion.

**DISCUSSION**

Federal courts "possess the inherent power to stay [a case] for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). In evaluating whether to issue a stay, a court will generally consider three factors: "(1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party without a stay, and (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F.Supp.2d 132, 134 (D. Me. 2009). Ultimately, "[t]he movant bears the burden of demonstrating that a stay is appropriate." *Kourembanas v. InterCoast Colleges*, No. 2:17-CV-00331-JAW, 2018

WL 4087999, at *2 (D. Me. Aug. 27, 2018); *see also Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 5 (1st Cir.1983) (explaining that the movant must demonstrate "a clear case of hardship" to be entitled to a discretionary stay).

A stay is not warranted here. Plaintiff has asked to prolong these proceedings either indefinitely, pending his appeal of the October 22, 2019 summary judgment order resolving claims against Defendant Lincare (ECF No. 54), or in the alternative, for "at least 180 days while Plaintiff drafts and files the appellate briefs and replies." Pl.'s Mot. at 2-3. The factors do not favor delay. First, a stay would prejudice Defendants FPOR and Butcher by deferring resolution of the claims against them. Def.s' Resp. at 4-5. And Plaintiff has not identified any significant hardship he would face should this action go forward. He has cited only the "time and expense of a trial while also maintaining an appeal" (Mot. at 3), but that is hardship of his own making. Mr. Joseph could just as well have waited until after trial to appeal the October 22 summary judgment order. Finally, judicial economy does not justify a stay either. The Plaintiff brings different legal claims against Defendants FPOR and Butcher than he brought against Defendant Lincare, which arise from different facts. *See* Compl. at 5-11. Furthermore, the facts of this case are so few that it would not greatly burden the Court to hold trial against Defendant Lincare at a later date should the summary judgment order be vacated. Plaintiff has not shown that any of the three factors weighs in favor of staying the proceedings in this case.

**CONCLUSION**

Having considered Plaintiff's motion in light of the relevant factors listed above, I find that he has failed to meet his burden to demonstrate that a stay is appropriate.

Plaintiff's Motion to Stay Proceedings against Defendants Family Practice on the River and Patrick Butcher (ECF No. 57) is therefore **DENIED**.

**SO ORDERED.**

Dated this 21st day of November, 2019.

                                                  /s/ Lance E. Walker
                                                  U.S. District Judge